IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| BENARK, LLC | : | |
| | : | |
| Debtor. | : | Case No. 24-11112 (AMC) |

**<u>FINAL ORDER (a) TO PERMIT USE OF CASH COLLATERAL; (b) PROVIDE ADEQUATE PROTECTION TO PARTIES WITH INTEREST IN CASH COLLATERAL; (c) PERMIT THE DEBTOR TO TEMPORARILY KEEP ANY CURRENT BANK ACCCOUNTS AND (d) REQUEST FOR AN EXPEDITED HEARING</u>**

**AND NOW,** this _____ day of _____, 2024, upon consideration of the Motion of the Debtor for an Order Authorizing (a) Use of Cash Collateral, (b) Providing Adequate Protection to Parties of Interest in Cash Collateral; (c) Permitting Debtor to Temporarily Maintain its Current Bank Account; and (d) for an Expedited Hearing, (the "Motion"), after notice and a hearing, it appearing that the Debtor having requested cash collateral on an interim and final basis, and the Court having determined that:

1. the ability of the Debtor to remain as a viable entity and to reorganize under chapter 11 Subchapter V, depends upon its' obtaining the requested use of cash collateral;

2. the relief requested in the Motion is necessary, essential and appropriate for the continued operation of the Debtor's business and the management and preservation of its property without which, Debtor will be unable to pay wages, executory contracts and meet other current and immediate operating expenses;

3. sufficient and adequate notice of this Motion, and the terms of the proposed use of cash collateral pursuant to Bankruptcy Rules 3002, 4001(c) and 4001(d) and Section

102(l) of the Bankruptcy Code, and that no further notice of, or hearing on, the relief herein is required;

**HENCE, IT IS HEREBY ORDERED** that the Debtor's Use of Cash Collateral is hereby approved subject to the terms of this Order, through the completion of the Debtor's chapter 11 bankruptcy.

**IT IS FURTHER ORDERED:**

4. that as adequate protection for its secured position in the Debtor's assets, the SBA is hereby granted valid, perfected replacement liens in all Debtor's assets (the "Replacement Liens"), to the extent of the validity of the liens as of the Petition Date, including any diminution in value;

5. that the Debtor shall maintain insurance on the business and the property and shall promptly update the SBA and UST with any changes to insurance coverage or insurance claims;

6. that the Debtor shall file all monthly operating reports with the Court on a timely basis;

7. that the Debtor shall maintain accurate and detailed records of all transfers, so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and post-petition transactions;

8. that pre-petition payroll shall be funded in the gross amount including all payroll taxes and employee benefits, if any, subject to the cap of Bankruptcy Code section 507(a)(4) and 507(a)(5);

9. that payments made to the Small Business Administration shall be made according to the parties' pre-petition contract;

10. Debtor must file a Notice of Officer Compensation; and any payments are subject to any

claw-back remedies available to creditors, interested parties and the Office of the United States Trustees;

11. Notwithstanding the foregoing, this ORDER shall terminate immediately and automatically upon the concurrence of the following:

    a. Entry of an order dismissing or converting the Debtor's chapter 11 case to a chapter 7 case;

    b. Failure to comply with the terms of this Order.

BY THE COURT:

Date: May 24, 2024

_____
ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE